# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### Western Division
### No. 5:16-cv-00374-D

*Louise A. Cantrell, Administrator of the* )
*Estates of Edward D. Cantrell, Isabella* )
*Cantrell, and Natalia Cantrell* )
*(Decedents), Individually, and as the* )
*Personal Representative of the Estates and* )
*Beneficiaries of Decedents,* )
)
Plaintiffs, )                  **PROTECTIVE ORDER**
)                  **re Sheriff's Investigative Records**
v. )
)
*General Security, Inc., Time Warner* )
*Cable, Inc., Time Warner Cable* )
*Enterprises, LLC, Time Warner Cable* )
*Southeast, LLC,* )
)
Defendants. )
)

Pursuant to Rule 26(c) the Court finds and orders as follows:

1.  Plaintiff's Complaint concerns a criminal investigation conducted by agents
    with the Cumberland County Sheriff's Office.

2.  N.C.Gen.Stat. § 132-1.4 deems records of criminal investigations to be
    confidential and not subject to disclosure under the Public Records Act and,
    thus, nonpublic records.

3.  Counsel for Defendants have requested, pursuant to subpoena, that the
    Cumberland County Sheriff's Office investigative file be produced, and the
    Sheriff's Office has requested that such file be produced subject to a

1

protective order, pursuant to Federal Rule of Civil Procedure 26(c) and 45 and in compliance with N.C.Gen.Stat. § 132.1-4, restricting the use to the prosecution and defense of this lawsuit and prohibiting the disclosure to unauthorized persons.

4. A protective order is appropriate upon the following terms and conditions with respect to the use and disclosure of the requested Cumberland County Sheriff's Office file or records:

   a. All documents identified as confidential shall be revealed only to and used only by "qualified persons" as provided in subparagraph 4(b) of this Order and only in connection with the prosecution or defense of this case, including any appeal thereof;

   b. As used herein, "qualified persons" means:

      i. This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by the Court in the event any confidential matter is to be used or introduced at trial;

      ii. Present and subsequent in-house and outside counsel for the parties to this action, together with their paralegals and clerical employees actually working on the case at any time;

      iii. Outside experts consulted or retained by counsel in connection with the preparation for trial or trial;

2

iv. Court appointed mediators or any mediator agreed to by all parties;

v. Court reporters, their transcribers, assistants, and employees; and

vi. The individual and entity parties to this action and witnesses in connection with the preparation for trial or at trial, including discovery conducted in connection with the prosecution or defense of this case.

5. It shall be the responsibility of counsel for each party to this action to ensure that qualified persons receiving the Cumberland County Sheriff's Office file pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them and to make disclosure only as consistent with this order, the rules of this Court or as permitted pursuant to this order or a subsequent order of the Court. Without limiting the foregoing, it shall be the responsibility of counsel filing or disclosing any documents from the Cumberland County Sheriff's Office file or records to comply with the requirements of the Court for redaction of information pursuant to F. R. Civ. P. 5.2 and Local Civil Rule 5.1(g) (E.D.N.C.).

6. In the event that material produced pursuant to this order which may be required to be restricted, then, the submitting party shall comply with Electronic Case Filing Administrative Policies and Procedures Manual, particularly, Section T(1)(a)1(I) through (v) with respect to the filing of

sealed material, and with respect to Filing Restricted Documents in CM/ECF:

a. Except for motions filed under seal in accordance with Section T(1)(a)7, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal, which may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

   i. the exact document or item, or portions thereof, for which filing under seal is requested;

   ii. how such request to seal overcomes the common law or the First Amendment presumption to access;

   iii. the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

   iv. the reasons why alternatives to sealing are inadequate; and

   v. whether there is consent to the motion; and

In addition, the proposed sealed document shall be filed in accordance with Local Civil Rule 79.2 to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal.

4

7. Ultimate disposition of protected materials will be subject to final Order of the Court upon completion of litigation.

8. This Order shall not constitute a waiver of the parties' right to object to the disclosure of material on grounds relating to discovery or to its admissibility into evidence.

SO ORDERED, this the **23** day of February 2017.

Robert B. Jones, Jr.

United States Magistrate Judge

Consented to this 26th day of January, 2017.

| /s/ Thomas David Hoyle | /s/ Laura E. Dean |
|---|---|
| Thomas David Hoyle | Laura E. Dean |
| John David Hurst | Frank Marshall Wall |
| Motley Rice LLC | Cranfill Sumner & Hartzog, LLP |
| 28 Bridgeside Boulevard | Post Office Box 27808 |
| Post Office Box 650001 | 5420 Wade Park Boulevard, Suite 300 |
| Mount Pleasant, SC 29464 | Raleigh, NC 27611-7808 |
| Telephone: 843-216-9000 | Telephone: 919-825-5100 |
| Fax: 843-216-9450 | Fax: 919-828-2277 |
| Email: jhurst@motleyrice.com | Email: mwall@cshlaw.com |
| Email: dhoyle@motleyrice.com | Email: ldean@cshlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant, General Security, Inc.* |

| /s/ David L. Brown | /s/ Ronnie M. Mitchell |
|---|---|
| David L. Brown | Ronnie M. Mitchell |
| David G. Harris, II | Legal Counsel |
| Goldberg Segalla LLP | Office of the Sheriff |
| 800 Green Valley Road, Suite 302 | Cumberland County NC |
| Greensboro, NC 27408 | 131 Dick Street |
| Telephone: 336-419-4900 | Fayetteville, North Carolina 28301 |
| Fax: 336-419-4950 | Telephone: 910.321.6764 |
| Email: dbrown@goldbergsegalla.com | Facsimile: 910.321.6780 |
| Email: dharris@goldbergsegalla.com | rmitchell@ccsonc.org |
| *Attorney for Defendants, Time Warner Cable, Inc., Time Warner Cable Enterprises, LLC, Time Warner Cable Southeast, LLC* | *Attorney for Movant (Interested Party) Ennis W. Wright, Sheriff of Cumberland County* |

6